ELVINA C. HENING, INDIVIDUALLY AND AS GUARDIAN OF
HAROLD B. BRADLEY AND LEONORE E. BRADLEY,
MINORS, PROSECUTOR, v. THE TOWN OF MONTCLAIR
ET AL., DEFENDANTS.

Argued February 21, 1911—Decided June 23, 1911.

Under the act providing for the formation and establishment of towns,
as amended in 1910 (*Pamph. L., p.* 286), a resolution to pay
awards for land damages, the effect of which is to vest the title to
the lands to be taken in the municipality, is void in the absence
of an ordinance providing for the laying out of the street for
which it is necessary to take and appropriate the land.    The
statute grants to the municipality the power to open streets, and
the appropriation of necessary lands, but the power must be exer-
cised by ordinance, and not by a resolution.

On *certiorari.*

Before Justices SWAYZE, BERGEN and MINTURN.

For the prosecutor, *Jerome D. Gedney.*

For the defendants, *Robert M. Boyd, Jr.*

The opinion of the court was delivered by

BERGEN, J.    This writ brings under review a resolution of
the common council of the town of Montclair concerning the
opening of a public street.    One of the objections urged to the
resolution, and the only one that need be considered, is that
it directs the payment to the prosecutor of a sum of money
which the resolution fixes and determines to be the value of
the land to be taken for the street and the damages which the
owners will suffer from the opening thereof, the statutory effect
of this resolution being to vest the fee of the land in the town,
while the statute under which the proceedings were taken re-
quires that the laying out and opening of all public streets
shall be by ordinance, and not by resolution.    The statute re-
ferred to is "An act to amend an act entitled 'An act provid-

ing for the formation, establishment and government of towns,' approved March 7th, 1895" (*Pamph. L.* 1910, *p.* 286), which amends sections 60 and 61 of the act of 1895. *Gen. Stat., p.* 3525. By section 60, as amended, the common council is empowered to lay out, open, vacate, widen and extend any street, avenue or highway or any part or section thereof, and to take and appropriate for such purpose the necessary lands, upon making compensation in the manner subsequently provided for in the act, but the exercise of this power must be by ordinance and not by resolution. Therefore, if it be true, as claimed by the prosecutor, that the defendants have attempted to open a public street, and for that purpose taken the lands of the prosecutor without providing therefor by an ordinance, the proceeding has no legal support and should be set aside.

Section 61 of the act, as amended, declares that all streets, or sections thereof, may be opened, vacated or improved in certain respects named, "in the manner following and not otherwise," which, among other things, requires a petition for the improvement; a resolution by the counsel favoring the improvement, and a reference of the petition to the commissioners of assessment who shall appraise the value of the interest of the owners of the land taken, and the probable net cost of making the improvement which they shall assess upon the land specially benefited, all of which they shall report to the common council, who, upon due notice to the parties interested, shall consider and adjudicate upon the report. The act then provides that if the common council shall determine to make the improvement, it shall confirm the awards, "and pass an ordinance ordering said improvement to be made;" the said council "shall also pass a resolution directing the several sums awarded to be paid to the persons to whom awards are made, * * * and upon the passage of such resolution, the fee-simple of said real estate to be taken shall be vested in the town."

As I construe these two sections of the act the common council, after considering the result of the commissioners of assessment are, if the improvement is to be made, to express that determination by an ordinance before acquiring the title

to the land in fee-simple by directing, by resolution, the payment of the compensation for lands to be taken.

In the present case, no ordinance was passed, but a resolution which, after approving the awards, directs the payment of the amount which the resolution awards to the infant owners represented by the prosecutor, and as the effect of this resolution is the vesting of the title of these infant owners in the municipality, it is the taking and appropriation of lands for a public street by resolution and not by ordinance as required by section 60 of the act, which is the only source of defendants' right to take the land of an individual for such public purpose. Section 61, before it was amended in 1910, did not provide that the title to the necessary land should vest in the municipality upon the passage of a resolution directing the awards made under that section to be paid, but section 71 of the original act, and which remains unrepealed, except so far perhaps as it may be modified by the amendment of section 61, requires that the cost of the improvement should be ascertained and provides the method of assessing the cost. The procedure under section 71 would appear to follow the completion of the improvement and ascertainment of the actual cost, while section 61 provides for the ascertainment of the probable cost, but in either event the land cannot be taken or improvement made without an ordinance.

It is argued by the defendant that the act does not require the adoption of an ordinance for the taking of the land until it has been determined what compensation should be made to the landowner, and that it is not the ordinance, but the resolution which takes the land, but this begs the question. It is true that in *Paterson, &c., Railroad Co.* v. *Nutley,* 43 *Vroom* 123, it was held that a determination of the probable cost was necessary before deciding whether the improvement should be made, but that case did not, nor has it ever been held, so far as I can discover, that where the power to take land must be exercised by ordinance that requirement can be avoided by the adoption of a resolution to pay awards for land necessary for the improvement (although such a resolution is given by statute the force of a transfer of another's

land), before it has been determined, in the manner required by law, that the improvement shall be made for which the lands are necessary. This statute is written in clear terms, there must be an ascertainment of the probable cost and of damages and benefits. When this is done the council determines whether it will proceed, and if it decides to make the improvement, it adopts an ordinance to carry out its intention, and having in a lawful manner decided to make the improvement, it proceeds to acquire the necessary land by the payment of the amounts previously, and after hearing all parties interested, awarded, and such payments may be directed by resolution.

As by the resolution and proceedings under review the defendant is attempting to take the lands of the prosecutor for the purpose of laying out a street, when it can only be lawfully done by ordinance, the proceedings must be set aside, so far as they relate to the lands of the infants represented by the prosecutor, with costs, and it is so ordered. This result makes it unnecessary to consider the other objections raised by the prosecutor.